# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ALFREDO FUENTES, | : Case No. 3:18-cv-187 |
| Plaintiff, | : District Judge Walter H. Rice |
| | : Magistrate Judge Sharon L. Ovington |
| vs. | : |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

## DECISION AND ENTRY

This case is before the Court on the parties' Joint Motion for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. #18). Specifically, the parties jointly stipulate and petition this Court under the EAJA to enter an order awarding Plaintiff $4,900.00 (four thousand nine hundred dollars) in attorney fees, expenses, and costs. The award of attorney fees, expenses, and costs will fully satisfy and settle any and all of Plaintiff's claims under 28 U.S.C. § 2412 that may be payable in this case. Prior to Plaintiff filing an EAJA petition, the parties jointly reached a resolution to settle EAJA fees in this case. The parties' stipulation represents a compromise on disputed positions and is not intended to set precedent for, or a representation of, any specific hourly rate or total number of hours. Any fees paid belong to Plaintiff and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States, pursuant to the decision in *Astrue v. Ratliff*,

560 U.S. 586, 130 S.Ct. 2521 (2010).

After the Court enters this award, if counsel for the parties can verify that Plaintiff owes no pre-existing debt subject to offset, Defendant agrees to direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff.

**IT IS THEREFORE ORDERED THAT:**

1. The Parties' Joint Motion for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. #18) is accepted and Defendant shall pay Plaintiff's attorney fees, costs, and expenses in the total amount of $4,900.00;

2. Counsel for the parties shall verify, **within thirty days of this Decision and Entry,** whether or not Plaintiff owes a pre-existing debt to the United States subject to offset. If no such pre-existing debt exists, Defendant shall pay the EAJA award directly to Plaintiff's counsel pursuant to the EAJA assignment signed by Plaintiff; and

3. The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

12-6-19

Walter H. Rice
United States District Judge